## In re PETITION FOR DISCIPLINARY ACTION AGAINST Scott Kevin BAILEY, an Attorney at Law of the State of Minnesota.

### No. C4–02–1113.

Supreme Court of Minnesota.

July 31, 2002.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Scott Kevin Bailey committed unprofessional conduct warranting public discipline, namely, respondent failed to timely file federal and state individual income tax returns for a three-year period and was convicted of failure to timely file a federal individual income tax return with the Internal Revenue Service (IRS) in violation of 26 U.S.C. § 7203 (2000) after entering a guilty plea.

Respondent admits his conduct violated Minn. R. Prof. Conduct 8.4(b) and (d), waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that:

a. The appropriate discipline is a 90–day suspension of [respondent's] license to practice law [under] Rule 15, RLPR.

b. The reinstatement hearing provided for in Rule 18(a) through (d), RLPR, be waived.

c. Respondent be required to successfully complete the professional responsibility portion of the state bar examination within one year of the date of this [c]ourt's order.

d. Respondent [shall] comply with Rule 26, RLPR.

e. Respondent [shall] pay $900 in costs [under] Rule 24(a), RLPR.

f. Respondent be reinstated following the expiration of the suspension upon filing an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education, has fully complied with Rules 24 and 26, RLPR, has successfully completed his criminal probation, and has satisfactorily completed all other conditions imposed.

g. Upon reinstatement, respondent [shall] be placed on * * * unsupervised probation [for two years] with the following conditions:

i. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct [that] may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

ii. Respondent shall abide by the Minnesota Rules of Professional Conduct.

iii. Respondent shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required

herein without specific reminder or request.

iv. Within [60] days from reinstatement, respondent shall enter into agreements satisfactory to the [IRS] and the Minnesota Department of Revenue (DOR) for the payment of all unpaid taxes. Respondent shall provide the Director with copies of the payment agreements and proof of currency on payments required by the agreements. If after [60] days, agreement with the IRS and/or DOR has not been reached despite diligent effort by respondent, respondent shall report monthly to the Director concerning his progress in reaching agreement. Such reports shall continue until written agreements have been signed by both the IRS and DOR.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Scott Kevin Bailey is suspended for 90 days from the practice of law subject to the agreed-upon conditions set forth above. Respondent may petition for reinstatement by affidavit as provided in Rule 18(f) and, upon reinstatement, he shall be placed on unsupervised probation for two years subject to the agreed-upon conditions of probation set forth above. Respondent shall pay $900 in costs and disbursements under Rule 24, RLPR.

BY THE COURT
Paul H. Anderson
Paul H. Anderson
Associate Justice